# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and ARTHUR H. BUNTE, Jr., | ) ) ) ) ) | |
| Plaintiff, | ) ) | 12 C 8467 |
| v. | ) ) | Judge Ronald A. Guzmán |
| REESE TRUCKING, INC. and HUGGY BEAR EXPRESS, INC. | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed suit under the Employee Retirement Income Security Act ("ERISA") seeking to collect contributions from and an audit of Defendants. Defendants move to transfer this case to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1404(a), the party seeking transfer must demonstrate that: (1) venue is proper in the transferor court; (2) venue would be proper in the transferee court; and (3) transfer will serve the convenience of the parties and witnesses and promote the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In addition, "the movant has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "When deciding a motion to transfer venue, the court must accept as true all of plaintiffs' well-pleaded facts in the complaint, unless they are contradicted by affidavits or other appropriate evidence from the defendant." *Andrade v. Chase Home Fin., LLC*, No. 04 C 8229, 2005 WL 3436400, at *2 (N.D. Ill. Dec.12, 2005).

**Venue**

Neither party disputes that venue is proper both here and in the Northern District of Ohio.

**Convenience of Parties and Witnesses**

When evaluating the convenience of the parties, sometimes referred to as the private interest factors, the court considers: (1) the plaintiff's choice of forum; (2) the situs of material

events; (3) the availability of evidence in each forum; (4) the convenience of the witnesses; and (5) the convenience of the parties litigating in the respective forums. *Handler v. Kenneth Allen & Assocs., P.C.*, No. 10 C 3728, 2011 WL 1118499, at *2 (N.D. Ill. Mar. 24, 2011) (citations omitted). The court also considers whether the parties have met their burden of specifically identifying the witnesses they intend to call, as well as the general content of the witnesses' proposed testimony. *Mattsson ex rel. Mattsson v. Gerry Wood Prods. Co.*, No. 95 C 2314, 1997 WL 158334, at *1 (N.D. Ill. Mar. 31, 1997).

Plaintiffs' Choice of Forum. Here, Plaintiffs are located in Illinois. "In ERISA cases, courts have recognized that a transfer away from plaintiff's forum increases litigation costs, dilutes the pension fund's assets and encourages the use of § 1404(a) as a way of avoiding obligations to the pension fund." *Cent. States, Se. and Sw. Areas Pension Fund v. Mills*, No. 11 C 3297, 2011 WL 4901322, at *2 (N.D. Ill. Oct. 14, 2011). Therefore, "[u]nless it is clearly outweighed by other factors, the [pension fund's] choice of forum is entitled to deference." *Id.* (internal quotation marks and citation omitted).

Situs of Material Events. The witnesses and documents necessary to determine whether Defendants are a single-employer or are alter egos of one another as Plaintiffs contend are located in Ohio. However, the Fund is located in Illinois and the complaint seeks to compel Defendants to comply with an audit pursuant to the Trust Agreement that is administered in Illinois. (Pls.' Resp., Dkt. # 28, Ex. B, Priede Aff., ¶ 2.) Moreover, the Fund collects and processes the allegedly delinquent contributions in Illinois. (*Id.*) Because the situs of material events occurred in both fora, this factor is neutral.

Availability of Evidence. Defendants' relevant business records are located in Ohio. (Defs.' Br. Supp. Mot. Transfer, Dkt. # 21, at 6; *id.*, Ex. A, Reese Aff., ¶ 13; *id.,* Ex. B, Goodhart Aff., ¶¶ 12, 14.) However, the documents must be gathered whether the case proceeds in Ohio or Illinois and, given current technology, "documents are easily exchanged if the parties do not dispute that the relevant documents can be made available." *Mills*, 2011 WL 4901322, at *3. No such dispute has arisen; thus, this factor is neutral.

Convenience of the Parties. Defendants contend that transferring the case to Ohio would be more convenient for them because all of their relevant executives and employees are located in Ohio. However, the parties agreed that this case likely would be resolved through summary judgment (Parties' Joint Status Report, Dkt. # 17, ¶ C.3), and the plaintiffs have stated that depositions of witnesses will occur where the witnesses reside. (Pls.' Resp., Dkt. # 28, at 6 n.3.) Thus, it is possible and even probable that witnesses will not be required to travel to Chicago during the pendency of the proceeding. In any event, the governing Trust Agreement between the parties contains a clause in which the employers and the local unions associated with the International Brotherhood of Teamsters consented to personal jurisdiction and venue in the Northern District of Illinois. (*Id.*, Ex. B., Priede Aff., ¶ 10.) By doing so, Defendants may not challenge venue based on the inconvenience to themselves. *Nw. Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990) ("[O]ne who has agreed to be sued in the forum selected by the plaintiff has thereby agreed not to seek to retract his agreement by asking for a change of venue

2

on the basis of costs or inconvenience to himself").

Defendants contend that they never signed the Trust Agreement, but as Plaintiffs note, Reese admits that it was a party to the collective bargaining agreement ("CBA") (Pls.' Resp., Dkt. # 28, Ex. C, Answer, ¶ 10), which states:

> By execution of this [CBA] the Employer authorizes the Employers, Association which are parties hereto, to enter into the appropriate trust agreements necessary for the administration of such Fund, and to designate the Employer Trustees under Agreement, hereby waiving all notice thereof and ratifying all actions already taken or to be taken by such Trustees within the scope of their authority.

(*Id*., Ex. B, Priede Aff., ¶ 9.) Accordingly, Reese is bound by the forum selection clause. *Cent. States, Se. and Sw. Areas Pension Fund v. Bomar*, 253 F.3d 1011, 1020 (7th Cir. 2001) (finding defendant bound by terms of trust agreement when it signed a CBA containing the same provision quoted above). Moreover, Reese submitted signed Contribution Reports to the Fund stating that it "reaffirms its obligation to make contributions required by the Collective Bargaining Agreement, [and] accepts and agrees to be bound by the [Fun]d trust agreement." (Pls.' Resp., Dkt. # 28, Ex. B, ¶ 11.)

While Huggy Bear is not a signatory to the trust agreement, it can be bound by the forum selection clause if it is "closely related to the dispute such that it becomes foreseeable that it will be bound." *Hagel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993). Whether or not Huggy Bear is a single employer with Reese or its alter ego is a question of fact that has yet to be addressed. Thus, the Court cannot determine at this time whether Huggy Bear is "closely related" to the dispute such that it could be bound by the forum selection clause.

Even setting aside the forum selection clause, the Court concludes that the convenience-of-the-parties' consideration does not favor transfer. As already noted, if the case is decided on summary judgment, the Court can discern no particular burden on Defendants if they litigated in Illinois instead of Ohio. Relevant documents can be shipped to Illinois or transferred electronically and depositions of witnesses will occur where the witnesses reside. If the case goes to trial and is not transferred, Defendants and their employees will be required to travel to Illinois, but if the case is transferred, then Plaintiffs will be required to travel to Ohio. Although Defendants contend that they are struggling and lost money in 2012 (Defs.' Br. Supp. Mot. Transfer, Dkt. # 21, at 6; *id*., Ex. A, Reese Aff., ¶ 6; *id.,* Ex. B, Goodhart Aff., ¶ 6), Plaintiffs attest that the Pension Fund's vested benefits exceed the value of its assets by more than $13 billion and that they file all of their delinquent contribution cases in this district "in an effort to save litigation costs." (Pls.' Resp., Dkt. # 28, Ex. E, Madden Aff., ¶¶ 4-5.) "A motion to transfer venue cannot be used to shift one party's inconvenience to the other." *Mills*, 2011 WL 4901322, at *3. To the extent Defendants imply that they have five to ten individuals who all reside in Ohio that they may call as witnesses, which is more than the number of Plaintiffs' employees who would be required to travel, they fail to specifically identify these witnesses or explain the proposed testimony as they are required to do *Juarez v. Nat'l R.R. Passenger Corp*.,

3

No. 06 C 3681, 2007 WL 2713357, at *2 (N.D. Ill. Sept. 12, 2007) (party requesting transfer must identify the key witnesses to be called and "establish that the nature and quality of their testimony with respect to the issues in the case warrant the case's transfer").

The Court concludes that the convenience of the parties does not support transfer.

<u>Convenience of the Witnesses</u>. Defendants state that they will need to call not only their employees or principals but also "Local 92 officials and business service providers," who are not subject to compulsory process. Again, however, as with the party witnesses, Defendants fail to specifically identify who the non-party witnesses are and the subject matter of their testimony. Thus, the Court is unable to conclude that the convenience of the non-party witnesses favors transfer.

**Interests of Justice**

The "interests of justice" factor includes consideration of: (1) docket congestion/speed to trial; (2) familiarity with the relevant law; (3) relative desirability of resolving controversies in each locale; and (4) the relationship of each community to the controversy. *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Defendants only briefly address these factors in their briefs.

In terms of docket congestion/speed to trial, the median time interval from filing to disposition for all cases in 2011 in the Northern District of Illinois was 6.3 months while the same interval in the Northern District of Ohio was 16.2 months. Federal Court Management Statistics (2011), available at http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2011/tables/C05Mar11.pdf. For the cases that went to trial, the median time interval in months from date of filing to disposition in the Northern District of Illinois was 24.8 months while the same interval in the Northern District of Ohio was 22.1 months. *Id.* Thus, while generally, the Northern District of Illinois has the shorter disposition time, if the case goes to trial, the Northern District of Ohio has a slightly faster disposition time. In terms of familiarity with the law, because the action is based on ERISA, both this Court and the Ohio court are equally familiar with the law. Neither party contends, nor does the Court discern, that it is more desirable to resolve the issue in one forum versus the other. As to the relationship of each community to the controversy, Defendants conclusorily state that the Northern District of Ohio has a "far superior interest" than Chicago. (Defs.' Reply, Dkt. # 32, at 10.) However, "courts have held that the interests of justice are served where the costs of employee benefit funds are kept to a minimum," and that strong public policy concerns dictate in favor of preserving fund assets. *Mills*, 2011 WL 4901322, at *4.

While the median time to trial slightly favors transfer to the Northern District of Ohio, the Court concludes that given this Court's familiarity with ERISA law and the strong public policy in favor of allowing Plaintiffs to litigate in Illinois, the interests of justice do not support transfer to the Northern District of Ohio.

For the reasons stated herein, the Court denies the motion to transfer [20-1].

**Date**: March 15, 2013

_____
**United States District Judge**
**Ronald A. Guzman**